UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| MITCHELL HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 22-1224-SHM-tmp |
| | ) | |
| SHERIFF JULIAN WISER, LIEUTENANT ADMINISTRATOR CHESTER LONG, and MADISON COUNTY, TENNESSEE, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**ORDER DISMISSING CASE;
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
NOTIFYING HUNT OF APPELLATE FILING FEE; AND
RECOMMENDING THIS DISMISSAL BE TREATED AS A STRIKE UNDER
§ 28 U.S.C. 1915(g)**

On October 17, 2022, Plaintiff Mitchell Hunt filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and a motion to proceed *in forma pauperis*. (ECF No. 2.) When Hunt filed the complaint, he was confined at the Madison County Jail (the "MCJ") in Jackson, Tennessee.[1] On January 11, 2023, the Court granted leave to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) filing fee in accordance with the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 13.) On April 25, 2023, the Court dismissed the complaint for failure to state a claim to relief, denied class certification, denied Hunt's motions for appointment of counsel (ECF Nos. 7 & 12), and granted leave to amend within twenty-one (21)

---

[1] On March 16, 2023, Hunt notified the Clerk of Court that Hunt has been transferred to the Bledsoe County Correctional Complex in Pikeville, Tennessee. (ECF No. 14.)

days.  (ECF No. 15 (the "Screening Order").)  Hunt's deadline to amend was Tuesday, May 16, 2023.  Hunt has not filed amended claims and has not sought an extension of time to do so.

The Court DISMISSES this case with prejudice in its entirety for the reasons discussed in the Screening Order.  Judgment will be entered in accordance with that prior Order.

For § 1915(g) analysis of Hunt's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g).  *See Simons v. Washington*, 996 F.3d 350 (6th Cir. 2021); *see also* ECF No. 15 at PageID 49 (recommending that a dismissal of this case for Hunt's failure to timely amend be treated as a strike pursuant to § 1915(g).)

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Hunt would not be taken in good faith.  If Hunt nevertheless chooses to file a notice of appeal, Hunt must either pay the entire five hundred and five dollar ($505.00) appellate filing fee or, if Hunt is confined at that time, submit a new *in forma pauperis* affidavit and a current, certified copy of Hunt's inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

IT IS SO ORDERED, this 30th day of June, 2023.

    /s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE